IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| M. MILKES INSURANCE AGENCY, INC., on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 16 CV 6778 |
| v. | ) ) | Judge Der-Yeghiayan |
| AMERILIST, INC., and JOHN DOES 1-10 | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
DAMAGES AND ATTORNEY'S FEES AND COSTS**

On August 8, 2017, the Court entered a default order in favor of Plaintiff M. Milkes Insurance Agency, Inc. ("Plaintiff") and against defendant Amerilist, Inc. ("Defendant"). Plaintiff respectfully requests that this Court enter judgment in the amount of $1,500.00 for Plaintiff, plus $6,757.50 in attorney's fees and $510.00 in costs of suit against defendant, and in Plaintiff's favor. Additionally, Plaintiff requests that the Court enter an order enjoining defendant Amerilist, Inc., from further transmitting unsolicited facsimile advertisements into the state of Illinois to Plaintiff.

In support thereof Plaintiff states as follows:

**DEFAULT**

1. On June 28, 2016, plaintiff filed a cause of action, entitled *M. Milkes Insurance Agency, Inc. v. Amerilist, Inc., and John Does 1-10*, 16 C 6778, to secure redress for sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of

1

the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. ("ICFA") and Illinois common law (conversion, private nuisance, and trespass to chattels).

2. The New York Department of State, Division of Corporations' website lists defendant's Chief Executive Officer and address as 40 Ramland Rd., Ste 203, Orangeburg, New York 10901. (Appendix A)

3. On August 2, 2016, plaintiff's process server served defendant at the address listed on the New York Department of State, Division of Corporations' website. *(Dkt. No. 14)*.

4. On August 8, 2017, this Court entered an order granting Plaintiff's oral motion for entry of default. *(Dkt. Nos. 20-21)*

5. As of the date of this memorandum, Defendant Amerilist, Inc. has not appeared, answered or otherwise pled to Plaintiff's Complaint.

6. The complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and Illinois common law, by sending out unsolicited advertisements to telephone facsimile machines.

7. Defendant willfully or knowingly sent out the advertisements to Plaintiff's telephone facsimile machines in violation of the TCPA, ICFA, and other state law.

## DAMAGES

8. 47 U.S.C. §227(b)(3) provides that: "if the Court finds that the Defendant willfully or knowingly violated this subscription or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal

to not more than 3 times the amount available under subparagraph (B) of this paragraph."

9. Plaintiff is entitled to recover $1,500.00 for each facsimile which Defendant sent to it. "The plain language of 47 U.S.C. § 227(b) makes the sender of an unauthorized commercial facsimile strictly liable, so interpreting 'willfully' as requiring a volitional act does not render the treble damages provision redundant with simple liability under the TCPA. Thus, a plaintiff 'need not prove that defendant had knowledge of the TCPA's provision in order to establish that the defendant willfully or knowingly violated the TCPA.'" *Bridgeview Health Care Center Ltd. v. Clark*, 09 C 5601, 2013 WL 1154206, at * 7 (N.D. Ill. March 19, 2013) (*quoting Stewart v. Regent Asset Mgmt. Solutions*, No. 10 C 2552, 2011 WL 1766018, at *2 (N.D. Ga. May 4, 2011).)

10. Defendant sent one unsolicited advertising facsimile to Plaintiff. (Appendix B)

11. Plaintiff is entitled to recover a total of $1,500.00 in statutory damages from Defendant.

## ATTORNEY'S FEES AND COSTS

12. The ICFA, 815 ILCS 505/10(a), provides for the award of attorney's fees and costs of suit where the unfair or deceptive practice resulted in actual damages.

13. Plaintiff's counsel took this case on a contingency basis approximately one year ago. Counsel fought to sustain the claims and vigorously pursued this case. The efforts made by counsel are set forth in detail on counsel's time and expense records, which are attached, with a declaration supporting the rates, as Appendix C.

14. Plaintiff's counsel invested a substantial amount of money into the litigation, despite the risk that the claims might not succeed. The hourly rates for the attorneys set forth in

Appendix C are the same as the regular current rates awarded for their services in other contingent matters. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates were adjusted during the course of the litigation.

WHEREFORE, Plaintiff respectfully requests that an order of default judgment (Appendix D) be entered against defendant Amerilist, Inc., and in Plaintiff's favor in the amount of $1,500.00 for Plaintiff, plus $6,757.50 in attorney's fees and $510.00 in costs of suit.

Respectfully submitted,

s/ *Dulijaza Clark*
Dulijaza Clark

Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200

## **CERTIFICATE OF SERVICE**

      I, Dulijaza Clark, certify that on August 11, 2017, I caused a true and accurate copy of the foregoing document to be served, via US Priority Mail with delivery confirmation, on the following parties:

      Amerilist, Inc.
      978 Route 45 #L2
      Pomona, NY 10970


      s/ *Dulijaza Clark*
      Dulijaza Clark


Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200